UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| EBONY APPLETON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 2:16-cv-448 |
| CITY OF GARY, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Partial Dismissal of Plaintiff's Complaint [DE 21] filed by the defendant, City of Gary, on December 30, 2016. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Ebony Appleton, filed her Complaint on October 18, 2016, alleging that the defendant, City of Gary, violated Title VII of the Civil Rights Act of 1964. Based on Appleton's *pro se* Complaint, she has alleged sex discrimination and retaliation in violation of Title VII.

Appleton began working for the City of Gary in the Youth Services Bureau of the City's Parks Department in the beginning of 2014. Appleton filed a Charge of Discrimination with the Gary Human Relations Commission (GHRC) on May 12, 2016 for sex discrimination. The GHRC found no probable cause to support her claims, and on September 13, 2016, the EEOC adopted those findings and issued a Dismissal and Notice of Rights to Appleton. On September 23, 2016, Appleton's employment with the City was terminated. She then filed a second Charge of Discrimination with the GHRC on September 27, 2016 alleging retaliation. Appleton

contends that she was retaliated against for filing the first charge. Appleton has not provided a Dismissal and Notice of Rights letter in connection with her second charge of retaliation.

The City's Motion for Partial Dismissal of Plaintiff's Complaint [DE 22] contends that Appleton has failed to meet the pleadings standards under Federal Rule of Civil Procedure 12(b)(6) for her retaliation and sexual harassment claims. Appleton in her Response to the City's motion indicated that she did not file a sexual harassment claim, rather sex discrimination and retaliation. The City has indicated that it is not contesting Appleton's sex discrimination claim in the Motion for Partial Dismissal of Plaintiff's Complaint.

*Discussion*

The City has requested that the court dismiss Appleton's retaliation claim pursuant to **Federal Rule of Civil Procedure 12(b)(6),** which allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in **Federal Rule of Civil Procedure 8(a)(2),** which requires a "short and plain statement" to show that a pleader is entitled to relief. *See **Cincinnati Life Ins. Co. v. Beyrer***, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Iqbal***, 556 U.S. at 678 (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); ***Cincinnati Life Ins.***, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to

give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)); *Peele v. Clifford Burch*, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); *Joren v. Napolitano*, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. *Iqbal*, 556 U.S. at 684. In addition to the complaint, the court also may consider documents attached to or referenced in the complaint. *Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir. 1998) (quoting *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1249 (7th Cir. 1994).

The decision in *Iqbal* discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by *Twombly*. *See Twombly*, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint—"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. *Iqbal*, 556 U.S. at 678. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. If the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79; *see* *Brown v. JP Morgan Chase Bank*, 2009 WL 1761101, at *1 (7th Cir. 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability). The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 556 U.S. at 678–79;

3

***Bonte v. U.S. Bank, N.A.***, 624 F.3d 461, 465 (7th Cir. 2010). Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. ***Murphy v. Walker***, 51 F.3d 714, 717 (7th Cir. 1995); ***Maxie v. Wal-Mart Store***, 2009 WL 1766686, at *2 (N.D. Ind. 2009) (same); ***Banks v. Montgomery***, 2009 WL 1657465, at *1 (N.D. Ind. 2009) (same).

A complaint that lacks organization and coherence so that it is too confusing to understand the factual basis of the wrongful conduct also is subject to dismissal. ***Cincinnati Life Ins.***, 722 F.3d at 946. The court assesses this by considering whether it can make out the essence of the claims. ***Cincinnati Life Ins.***, 722 F.3d at 946. A complaint is not unintelligible simply because it contains repetitive and irrelevant matter. ***Cincinnati Life Ins.***, 722 F.3d at 946. "Rather, we have found complaints wanting when they present a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [take] a general "kitchen sink" approach to pleading the case.' . . . [D]ismissal is the appropriate remedy for district courts presented with 'a bucket of mud.'" ***Cincinnati Life Ins.***, 722 F.3d at 946–47 (quoting ***Stanard***, 658 F.3d at 798).

"As a pro se litigant, a plaintiff is permitted a more lenient standard with respect to her pleadings than that imposed on a practicing attorney." ***Cintron v. St. Gobain Abbrassives, Inc.,*** 2004 WL 3142556, * 1 (S.D. Ind. 2004). Although the court recognizes that pro se litigants face special challenges that litigants represented by counsel do not, pro se litigants are not excused from following procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers*." **Lee v. Wal-Mart Stores***, 1994 WL 899240, * 1 (N.D. Ind. 1994). As the **Lee** court explained, [the court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by

4

those who proceed without counsel. *Lee v. Wal-Mart Stores*, 1994 WL 899240, * 1 (N.D. Ind. 1994).

Appleton filed her Complaint against the City alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, which "forbids employment discrimination against 'any individual' based on that individual's 'race, color, religion, sex, or national origin.'" *Burlington Northern & Santa Fe Railroad Company v. White*, 548 U.S. 53, 56, 126 S.Ct. 2405, 2408, 165 L.E.2d 345 (2006) (citing Pub.L., 88-352, § 704, 78 Stat. 257, as amended, 42 U.S.C. § 2000e-2(a)). The City has argued that Appleton failed to exhaust her administrative remedies regarding her retaliation claim. Exhaustion of administrative remedies is a condition precedent to bringing a claim under Title VII. *See* **42 U.S.C. § 2000e et seq.** There are a number of prerequisites to the successful maintenance of a claim under Title VII. *See* **42 U.S.C. § 2000e-5.** First, the party must file a charge with the EEOC or the applicable State or local agency within the period of time allotted by the statute, and then the Commission must issue a right to sue letter. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992); *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); *Movement for Opportunity and Equality v. General Motors Corp.,* 622 F.2d 1235, 1240 (7th Cir. 1980).

Appleton has not attached nor provided any evidence that she received the corresponding Dismissal and Notice of Rights letter from the EEOC regarding her second charge for retaliation. Generally, because Appleton has not received a Dismissal and Notice of Rights letter from the EEOC on her retaliation claim, she has failed to exhaust her administrative remedies, and her retaliation claim should be dismissed without prejudice.

However, the Seventh Circuit has found that a separate administrative charge is not a prerequisite to a suit complaining about retaliation for filing the first charge. ***McKenzie v. Ill. Dept. of Transp.,*** 92 F.3d 473, 482 (7th Cir. 1996) (holding that a plaintiff may bring suit on a retaliation claim not included in her administrative charge "where the alleged retaliation arose after the charge of discrimination had been filed") (quoting ***Steffen v. Meridian Life Ins. Co.,*** 859 F.2d 534, 545 (7th Cir. 1988)); ***Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs,*** 343 F.3d 897, 898 (7th Cir. 2003) ("Retaliation for complaining to the EEOC need not be charged separately from the discrimination that gave rise to the complaint, at least if the person discriminated against and the person retaliated against are the same.") (citations omitted); ***Gawley v. Ind. Univ.,*** 276 F.3d 301, 314 n. 8 (7th Cir. 2001) ("Of course, an employee is not required to file a separate EEOC charge alleging retaliation when the retaliation occurs in response to the filing of the original EEOC charge."); ***Heuer v. Weil–McLain,*** 203 F.3d 1021, 1023 (7th Cir. 2000) (same).

Appleton's retaliation claim fits well into the exception. Appleton filed a charge for sex discrimination, then later alleged that she was retaliated against for filing the first charge. Therefore, she was not required to exhaust her administrative remedies. It is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge. ***McKenzie,*** 92 F.3d at 482 (quoting ***Gupta v. East Texas State Univ.,*** 654 F.2d 411, 414 (5th Cir. 1981). The result does not change because Appleton filed a retaliation charge and has not received a Dismissal and Notice of Rights letter from the EEOC.

In ***National Railroad Passenger Corp. v. Morgan,*** 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the Supreme Court held that "each discrete discriminatory act starts a new clock for filing charges alleging that act" meaning that "discrete discriminatory acts are not

actionable if time barred, even when they are related to acts alleged in timely filed charges." The Seventh Circuit has not directly addressed *Morgan,* but it appears to be the unanimous view within the Seventh Circuit that the exception remains valid.  *See* ***Horton v. Jackson County Bd. of County Comm'rs.,*** 343 F.3d 897, 898 (7th Cir. 2003); ***Fentress v. Potter***, 2012 WL 1577504, at *2 (N.D. Ill. 2012); ***Mandewah v. Wis. Dep't of Corr.,*** 2009 WL 1702089, *3 (E.D. Wis. 2009); ***Hill v. Potter,*** 2009 WL 901462, at *8 n. 6 (N.D. Ill. 2009); ***Troutt v. City of Lawrence,*** 2008 WL 3287518, at *12 (S.D. Ind. 2008); ***Victor v. Village of Hoffman Estates***, 2016 WL 232420, at *10 (N.D. Ill. 2016).

Therefore, Appleton's Title VII retaliation claim may continue based on the City's argument that she failed to exhaust her administrative remedies. In her response, Appleton asserted that she did not bring a sexual harassment claim against the City. Based on the foregoing, the Motion for Partial Dismissal of Plaintiff's Complaint [DE 21] is **DENIED.**

ENTERED this 13th day of April, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge