UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| EBONY APPLETON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 2:16-cv-448 |
| CITY OF GARY, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Plaintiffs Request for Statute of Limitations for Production of Material to be Dismissed of Said Documents [DE 45] filed by the *pro se* plaintiff, Ebony Appleton, on April 11, 2018. For the following reasons, the motion is **DENIED.**

*Background*

On October 18, 2016 the plaintiff, Ebony Appleton, *pro se* initiated this matter. Appleton has alleged sex discrimination and retaliation against the defendant, City of Gary. Appleton served the City with two requests for production of documents on July 21, 2017 and February 13, 2018. The City has indicated that it has responded to Appleton's requests by producing all relevant documentation, as well as noting its objections. Discovery in this matter closed on February 28, 2018.

Appleton's motion requests the City to produce a document that previously has not been requested. Additionally, Appleton requests that the court compel the City to produce documents that were requested in her first request for production.

*Discussion*

Appleton specifically has requested the "initial report from said incident of Marcus Hare and Cecelia Garmon." The City has indicated that this is a new request. Discovery in this matter closed on February 28, 2018. Therefore, Appleton's request is untimely, and the City is not required to respond. Discovery requests not filed in sufficient time to allow the opponent to respond within the discovery period are untimely, and the opponent is under no duty to comply. **Gordon v. Northeastern REMC,** No. 1:02–CV–171, 2003 WL 21919179, at *2 (N.D. Ind. June 2, 2003).

The court recognizes that *pro se* litigants face special challenges that litigants represented by counsel do not, however, *pro se* litigants are not excused from following procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers." **Lee v. Wal-Mart Stores**, 1994 WL 899240, * 1 (N.D. Ind. Apr. 12, 1994). Even *pro se* litigants must follow court rules and obey court-imposed deadlines. *See, e.g.,* **Jones v. Phipps,** 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines."). Although Appleton should be given some leeway for her *pro se* status, she must comply with the discovery deadlines, and she has not attempted to explain her noncompliance.

Next, Appleton requests that the court compel the City to produce "all documents named in first request of production from Plaintiff." Neither the Federal Rules of Civil Procedure nor the Local Rules impose a deadline to file motions to compel. **Kruse, Inc. v. Hogan**, 2011 WL 3747353, at *1 (N.D. Ind. Aug. 24, 2011). However, "motions to compel filed after the close of discovery are almost always deemed untimely." **Kruse**, 2011 WL 3747353 at *1 (internal quotations and citations omitted). Courts may excuse an extended delay when the party offers a

reasonable and persuasive justification for the untimeliness. ***Longs v. Lebo***, 2009 WL 799533, at *1 (N.D. Ind. Mar. 24, 2009); *see* ***Rossetto v. Pabst Brewing Co.***, 217 F.3d 539, 542 (7th Cir. 2000) (upholding a denial of motion to compel as untimely because it was filed two months after the discovery deadline without an excuse for its tardiness); ***Barbour v. Memory Gardens Mgmt. Corp.***, 2008 WL 1882847, at *2 (N.D. Ind. Apr. 23, 2008) (" . . . Plaintiffs need an excuse for their tardiness.").

The City responded to Appleton's first request for production on September 29, 2017. Appleton waited until February 13, 2018, to serve the City with her second request for production. Here, the discovery and dispositive motion deadlines have expired. "As a general rule, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely." ***Banks v. CBOCS West, Inc.,*** No. 01 C 0795, 2004 WL 723767, at *1 (N.D. Ill. Apr.1, 2004) (citation omitted). Appleton filed this motion months after receiving the City's responses, and she has not offered any excuse for her delay.

Based on the foregoing reasons, the Plaintiffs Request for Statute of Limitations for Production of Material to be Dismissed of Said Documents [DE 45] is **DENIED.**

ENTERED this 15th day of May, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge