UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EBONY APPLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:16-cv-448-APR |
| ) | |
| CITY OF GARY, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
PORTIONS OF PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff's *Response* to Defendant's Motion for Summary Judgment [collectively, ECF Nos. 65-68] is replete with inadmissible evidence that should be stricken from the record and not considered by this Court. In a series of submissions, Plaintiff Ebony Appleton ("Plaintiff") offers multiple documents, statements, and speculative comments completely unrelated to her discrimination and retaliation dispute with the Defendant, the City of Gary (the "City"). Because Plaintiff's submissions are irrelevant, immaterial, and unsupported, the documents and assertions should not be considered by this Court.

**I.  PROCEDURAL HISTORY**

Plaintiff's Complaint raises claims for sex discrimination and retaliation under Title VII. By this Court's Order of April 13, 2017 [ECF No. 25] and Plaintiff's own admission, Plaintiff has no pending claim for sexual harassment. Period.

On May 14, 2018, the City filed its Motion for Summary Judgment as to Plaintiff's sex discrimination and retaliation claims. On June 14, 2018, Plaintiff filed four separate documents in response:

- *Plaintiff Request that Defendants Motion for Summary Judgement be Denied* [ECF No. 65], which appears to be a memorandum of law;
- *Plaintiffs Support to Dismiss Defendant Summary Judgement* [ECF No. 66], which includes a reference to Plaintiff's post-employment application for unemployment benefits;
- *Plaintiffs Support for Dismissal of Defendants Summary Judgement* [ECF No. 67], which appears to be Plaintiff's effort to present a Statement of Genuine Dispute under N.D. Indiana L.R. 56-1(b)(2); and
- *Declaration of Ebony Appleton* [ECF No. 68], which includes speculation, opinion, legal arguments and conclusions.[1]

(For purposes of this Motion to Strike, the responsive filings are referenced collectively as the "*Response*").

Because the collective *Response* relies on documents, assertions, and personal statements that are entirely unrelated to the claims in this case, the City respectfully moves this Court to disregard the alleged evidence, and to strike, as outlined below, portions of Plaintiff's *Response*.

## II. LEGAL STANDARD

FED.R.CIV.P. 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Additionally, RULE 56(c)(4) outlines the rules for declarations like the one submitted by Plaintiff: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or

---

[1] As recognized by this Court, the following statements are improper for inclusion in an affidavit or declaration and therefore should be disregarded: "(1) [C]onclusory allegations lacking supporting evidence, see *Young v. Monahan,* 420 Fed. Appx. 578, 583 (7th Cir. 2011); (2) legal argument, see *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir. 1985); (3) inferences or opinions not "grounded in observation or other first-hand experience," *Visser v Packer Eng'g Assocs., Inc.,* 924 F.2d 655, 659 (7th Cir. 1991); (4) mere speculation or conjecture, see *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999); and (5) statements in affidavits that blatantly contradict prior sworn testimony in an attempt to create sham issues of genuine dispute. See *Beckel v. Wal-Mart Assocs., Inc.,* 301 F.3d 621, 624 (7th Cir. 2002); *Bank of Ill. V. Allied Signal Safety Restraint, Sys.,* 75 F.3d 1162, 1168-69 (7th Cir. 1996)." *Marion T, LLC v. Formall Inc.,* No. 1:12-cv-00456, 2016 U.S. Dist. LEXIS 42957, at *3 (N.D. Ind. March 30, 2016)(citations omitted).

2

declarant is competent to testify on the matters stated." An affidavit or declaration not in compliance with Rule 56 cannot defeat a summary judgment motion. *Marion T, LLC v. Formall Inc.,* No. 1:13-cv-00132; 1:12-cv-00456, 2016 U.S. Dist. LEXIS 42957 (N.D. Ind. March 30, 2016)(citations omitted).

The *only* question before this Court is whether Plaintiff was the victim of sex discrimination (specifically, whether she was suspended because she is a woman), or whether she was dismissed in retaliation for having complained of sex discrimination.  In short, is it more likely than not that the alleged sex discrimination or retaliation occurred? *See Ladenberger v. Gen. Signal Pump Grp./Aurora Pump,* No. 00 C 4045, 2001 U.S. Dist. LEXIS 7461, *5 (N.D. Ill. May 31, 2001)(statements in affidavit regarding sexual harassment and discrimination were struck as lacking probative value in lawsuit about age discrimination) and *Marion T, LLC,* 2016 U.S. Dist. LEXIS at *5 (striking agreement attached as an exhibit to plaintiff's affidavit because it contradicted the Court's earlier ruling regarding which agreement was the final version).

Because most of the information in Plaintiff's *Response* is extraneous, of no consequence to the central question of sex discrimination and retaliation, those portions should be stricken.

### III.  ARGUMENT

#### A.  Plaintiff's Unrelated Unemployment Determination Should be Stricken.

Plaintiff's submission, *Plaintiff's Support to Dismiss Defendant Summary Judgment* [ECF No. 66], theoretically offers documentation intended to thwart the City's summary judgment motion.  Plaintiff offers the determination of the Indiana Department of Workforce Development that Plaintiff was entitled to unemployment compensation after she left her employment at the City. Not only does Plaintiff fail to authenticate or even refer to the unemployment decision in her *Response*, the document is of no consequence to her discrimination and retaliation claims.

3

The question considered by the Department of Workforce Development is fundamentally different than the issues before the Court here. The process surrounding and determination of a former employee's qualification for unemployment benefits under state law is not anything like pursuing a federal law claim in this court.  To the extent Plaintiff submits the document in ECF No. 66 as evidentiary support for her claims, it should be stricken as irrelevant. For, "the nature of the proceeding to determine eligibility for unemployment compensation is fundamentally different than a Title VII action, and the conclusions of that state agency are in no way binding on the district court." *Martin v. Dep't of Corr.*, o. 1:02-cv-1232-DFH-TAB, 2005 U.S. Dist. LEXIS 6715 (S.D. Ind. April 13, 2005)(citing *Morton Intern., Inc.*, 2000 U.S. Dist. LEXIS 10198 (S.D. Ind. 2000)(citing *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 798, n. 11 (7th Cir. 1997)); see also *Carr v. City of E. Chi.*, No. 2:07-CV-73 JVB, 2009 U.S. Dist. LEXIS 27892, *12-14 (N.D. Ind. March 31, 2009). The case law is clear that unemployment compensation documents "cannot be used to establish Plaintiff's prima facie case or to show that the defendant's reasons for discharging him were pretextual because of the fundamental differences between proceedings to determine eligibility for unemployment compensation and a Title VII action. The burden of proof is different in each proceeding." *Id*.

Because Plaintiff's eligibility for unemployment benefits has no bearing on her underlying case, ECF No. 66 (*Plaintiffs Support to Dismiss Defendant Summary Judgement*), Exhibit 2, should be stricken in its entirety.

**B.   Plaintiff's Submission of an Unrelated Criminal Case Should be Stricken.**

Similarly, Plaintiff's reliance on an unrelated criminal decision should also be disregarded.  Plaintiff submitted at ECF No. 65 her "*Request that Defendants Motion for Summary Judgment Be Denied.*"  This submission appears to be Plaintiff's legal argument opposing the City's summary judgment motion.

4

But, attached to Plaintiff's two-page "brief" are 158 pages of legal documents regarding *United States of America v. Dante Leandro Reyes*, a habeas corpus case filed in this Court. It is unclear why. Plaintiff does not refer to the case anywhere in her Response (but for its submission), and she does not even attempt to explain how the *Reyes* opinion supports her case. She cannot. To the extent Plaintiff offers the *Reyes* opinion as evidentiary support or as legal support, the case should be disregarded. The matters, and indeed, the *nature* of the matters before the Court in *Reyes* are different. Nothing in the 158 pages of Reyes makes it more or less likely that the Defendant is responsible for sex discrimination or retaliation in violation of Title VII.

### C.   Plaintiff's References to Unrelated and Untimely Wage Claims Should be Stricken.

In Plaintiff's *Declaration of Ebony Appleton* [ECF No. 68, p. 5], Plaintiff includes additional allegations that have nothing to do with sex discrimination or retaliation. More specifically, Plaintiff asserts she was not adequately paid for travel time when she attended a trip with the Gary Youth Council. But, apart from the lack of supporting evidence (*e.g.*, policy documents, time sheets, pay stubs, etc.), this has nothing to do with her sex discrimination and retaliation claim.[2]

Similarly, in her *Support for Dismissal of Defendants Summary Judgment* [ECF No. 67, p. 1], Plaintiff insists her "guaranteed" hours were reduced. Although the City disputes Plaintiff's allegations, it is irrelevant. In short, Plaintiff's claim is too late. (*cf.* Reply Brief, p. 7). Plaintiff did not timely file a Charge of Discrimination and hence, whether her hours were reduced is irrelevant and should not be considered.

---

[2] A court may strike evidence that is irrelevant, "even statements in a Rule 56 affidavit." *Maher v. Rowen Group, Inc.,* No. 12 C 7169, 2015 U.S. Dist. LEXIS 5933, *19 (N.D. Ill. January 20, 2015). Relevance is a threshold inquiry in considering the admissibility of evidence. Relevant evidence is admissible; irrelevant evidence is not. FED.R.EVID. 402. Under FED.R.EVID. 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

**D.  Plaintiff's Unrelated Harassment Allegations Should Be Stricken.**

Plaintiff's lawsuit does ***not*** include a sexual harassment or hostile work environment sexual harassment claim.  She brings only claims of sex discrimination and retaliation against the City. Nevertheless, Plaintiff devotes large portions of her *Response* to facts, opinions and allegations of *harassment*. Because those claims are not before this Court, her allegations should be stricken.  In her *Declaration of Ebony Appleton* [ECF No. 68], Plaintiff provides some preliminary background at page 3 for her allegations: "Immediately after Ms. Cecelia Garmon was promoted to serve as acting Director and the harassment began."   Ms. Appleton's *Declaration* continues,

- Cecelia Garmon "said [Plaintiff] was working too many hours."

- Patricia Covington "accidentally opened" Plaintiff's check.

- Ms. Garmon told Plaintiff she could not bring her daughter to work.

- Ms. Garmon's staff "played follow the leader and kept with the harassment. . . ."

- "Ms. Willette stated in front of the other co-workers [Plaintiff] wore her legging so the new boss could see her big butt which is very sexual and poses sexual harassment."

- Marcus Hare "verbally and physically assault[ed]" Plaintiff by "yelling and screaming clapping his hands" after she allowed her children to wander around the building.

- The City did not follow its Anti-Harassment policy.

- Patricia Covington harassed Plaintiff including by "trying to add minutes to Ms. Appletons [timekeeping] record to make it as if she was late . . . showing Patricias <u>vengeance</u> to <u>escalate.</u>"

6

[ECF No. 68, pp. 3-7; 9-10.] In addition, in Plaintiff's *Support for Dismissal* [ECF No. 67], Plaintiff makes multiple, inadmissible and unsupported allegations regarding harassment.

- For example, she alleged that her "harasser," Patricia Covington, was allowed to supervise her. Not only was Ms. Covington not Plaintiff's supervisor (Barber Decl. ECF No. 60-1, paragraph 30), there are no pending allegations of harassment. The reference and allegations should be stricken.

- Moreover, the unsupported claims of "harassment" by the cousin trio of "Ms. Lathan, Ms. Covington and Ms. Garmon," [ECF No. 67, p. 3] should also be stricken. Plaintiff does not have a valid claim of harassment and her speculative, argumentative accusations about co-workers, do not constitute admissible evidence.

Even if these claims were related to her underlying claims, Plaintiff's statements are mere opinion and conjecture. Federal Rule of Evidence 602 *requires* that a declarant have personal knowledge about the matters to which he or she testifies. *See Payne v. Pauley,* 337 F.3d 767, 772 (7th Cir. 2003); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC,* 779 F. Supp.2d 858, 872 (N.D. Ind. 2011). Plaintiff's guess or opinion about what might be true is insufficient to constitute admissible evidence and should be stricken from the record.

Further, to the extent Plaintiff describes what others allegedly told her rather than offer their sworn testimony, it should be disregarded.[3] A party may not rely on "inadmissible hearsay in an affidavit . . . to oppose a motion for summary judgment." Fed.R.Evid. 802. *See also Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir. 1996); *Patel v. Allstate Ins. Co.,* 105 F.3d 365, 368 (7th Cir. 1997).

---

[3] For instance, Plaintiff alleges Lori Latham told Plaintiff her position would be phased out. [ECF No. 68, p. 8.]

**E.    Plaintiff's Photographs Are Not Admissible Evidence.**

Plaintiff has attached various photographs to her *Plaintiffs Support for Dismissal of Defendants Summary Judgement* [ECF No. 67. pp. 10-13]. The photographs are not authenticated and not relevant. Although the City understands the submitted photographs may hold some personal meaning for Plaintiff, they do not advance her legal claim against the City. Therefore, they should be disregarded for purposes of the pending legal issues before the Court.

**F.    Plaintiff's Reference to Her Alleged E-Mail to the City's Mayor Should be Stricken.**

Plaintiff contends "Defendants would not produce the original email from Ms. Appleton to the mayor but would falsify document and produce the mayors response attached to the mayors assistant email that Ms. Appleton notified as well." [ECF No. 67, p. 2.][4] Not only is this allegation confusing, but appears to be an attempt to distract the Court and disparage the City by suggesting that the City wrongfully hid a "smoking gun" that would defeat summary judgment. The entire reference should be stricken.

First, in answer to Plaintiff's discovery requests, the City produced responsive documents within its possession. It did not intentionally withhold anything. Second, even if the "original e-mail" was a complaint about Ms. Garmon as Plaintiff appears to allege, such an e-mail would have zero impact on the underlying claims of discrimination and retaliation. Whether she added another person to her list of individuals to whom she complained (*e.g.*, the Mayor) does not make it more or less likely that she suffered discrimination or retaliation.

---

[4] The City produced an email exchange between Plaintiff, Joi Whiteside, the mayor's assistant, and Mayor Karen Freeman-Wilson. Plaintiff contacted Ms. Whiteside in July 2015 and informed her she was "looking to meet Mayor Wilson concerning [her] job." Mayor Freeman-Wilson responded, directing Plaintiff to contact Lori Latham if she had a problem with her supervisor (Cecelia Garmon) and, if not satisfied, to contact Human Resources. [ECF No. 42-2, p. 5.] While Plaintiff's references are far from clear, this may be the exchange to which Plaintiff refers.

Moreover, to the extent Plaintiff is making a discovery complaint, it is not properly before the Court. Discovery closed February 28, 2016. [ECF No. 35.]⁵  Accordingly, the allegations should be stricken.

## IV.  CONCLUSION

Plaintiff's *Response* is overstocked with inadmissible evidence that should be disregarded and stricken from the record. Much of it spouts allegations of harassment that is most decidedly not before this Court.  Other submissions reference administrative decisions that have no bearing on a discrimination claim, a criminal case that is completely inapposite, and a handful of other allegations that *confuse* instead of *clarify*. Plaintiff has pending claims for sex discrimination and retaliation--not for harassment; not for wage actions or tort claims or discovery disputes.  Faced with the core issues before this Court, Defendant respectfully requests that this Court strike from the record the identified portions of the Plaintiff's Response, and for all other appropriate relief.

> Respectfully submitted,
>
> BARNES & THORNBURG LLP
>
> By: */s/ Teresa A. Maginn*
> Jeanine M. Gozdecki
> Teresa A. Maginn
> 700 1st Source Bank Center
> 100 North Michigan Street
> South Bend, IN 46601-1632
> Telephone:  (574) 233-1171
> Facsimile:  (574) 237-1125
> *jeanine.gozdecki@btlaw.com*
> *teresa.maginn@btlaw.com*
>
> *Attorneys for Defendant*

---

⁵ See *Packman v. Chicago Tribune Co*., 267 F.3d 628, 647 (7th Cir. 2001)(motion to compel denied where motion filed after discovery closed and after defendants filed motion for summary judgment.)

9

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing *Brief in Support of Defendant's Motion to Strike Portions of Plaintiff's Response to Defendant's Motion for Summary Judgment* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. I further certify that on July 3, 2018, a copy of the foregoing was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the Plaintiff at the following address:

    Ebony Appleton
    1211 West 17th Avenue
    Gary, IN 46407

          *s/ Teresa A. Maginn*
          Name of Filing Attorney

DMS 12744951v2