UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EBONY APPLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-448 |
| | ) |
| CITY OF GARY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment [DE 59] and the Motion to Strike Potions [sic] of Plaintiff's Response to Defendant's Motion for Summary Judgment [DE 70] filed by the defendant, City of Gary, on May 14, 2018 and July 3, 2018. The Motion for Summary Judgment [DE 59] is **GRANTED,** and the Motion to Strike Potions [sic] of Plaintiff's Response to Defendant's Motion for Summary Judgment [DE 70] is **GRANTED.**

*Background*

The plaintiff, Ebony Appleton, filed her complaint on October 18, 2016, alleging that the defendant, City of Gary, violated Title VII of the Civil Rights Act of 1964. Based on Appleton's *pro se* complaint, she has alleged sex discrimination and retaliation in violation of Title VII. Appleton, in her response to the City's motion for partial dismissal of the complaint, indicated that she was not alleging a sexual harassment claim. Therefore, Appleton's claims in the instant matter are limited to sex discrimination and retaliation.

Appleton began working for the City of Gary in the Youth Services Bureau (YSB) of the City's Parks Department as the part-time After School Group Leader on September 16, 2014. On April 6, 2015, Appleton was promoted to a part-time Site Manager. However, her pay

remained the same. Appleton reported to YSB Director, Ken Barry, and then Cecelia Garmon, beginning late April of 2015. At the start of January of 2016, she began reporting to Marcus Hare. On March 31, 2016, Appleton sent a letter to the City's Human Resources Department requesting a transfer. She advised the City's Director of Human Resources, Marianetta Barber, that she had difficulty working with Hare, Garmon, and Patricia Covington. Appleton remained a YSB Site Director until she was transferred to a vacant Recreational Aide position in the Parks Department on September 6, 2016 and was given a pay raise. She reported to the City's Superintendent of the Park's Department, Lori Latham, from April of 2016 until her discharge on September 23, 2016.

Appleton filed a Charge of Discrimination with the Gary Human Relations Commission (GHRC) on May 12, 2016 alleging sex discrimination. The GHRC found no probable cause to support her claims, and on September 13, 2016 the EEOC adopted those findings and issued a Dismissal and Notice of Rights to Appleton. On September 23, 2016, Appleton's employment with the City was terminated. She then filed a second Charge of Discrimination with the GHRC on September 27, 2016 alleging retaliation. Appleton contends that she was retaliated against for filing the first charge. Appleton did not provide a Dismissal and Notice of Rights letter in connection with her second charge of retaliation. However, the court determined that her retaliation claim grew out of her earlier sex discrimination charge, and therefore she was not required to exhaust her administrative remedies.

The City has argued that the allegations that Appleton has asserted against the City are not sufficient to support claims of sex discrimination and retaliation. The City contends that Appleton has not presented any actual evidence of sex discrimination. Moreover, as for

Appleton's retaliation claim, the City represents that Appleton continuously disobeyed City policies, particularly right before her dismissal.

*Discussion*

Before addressing the City's motion for summary judgment, the court first must determine what evidence it may consider by addressing the City's motion to strike certain portions of Appleton's response. Appleton has filed four separate documents in response to the City's motion for summary judgment including: Plaintiff Request that Defendant Summary Judgement [sic] be Denied [DE 65]; Plaintiffs Support to Dismiss Defendant Summary Judgement [sic] [DE 66]; Plaintiffs Support for Dismissal of Defendants Summary Judgement [sic] [DE 67]; and Declaration of Ebony Appleton [DE 68]. The City has argued that Appleton's response relies on documents, assertions, and personal statements that are unrelated to the claims in the instant matter.

Appleton, despite being advised by the court, has failed to respond to the City's statement of material facts as required by the court's summary judgment procedures and has failed to properly submit any proposed findings of fact of her own. Under the procedures, Appleton was required to include a section labeled "Statement of Genuine Disputes" that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary. **N.D. Ind. L.R. 56-1.** Instead, Appleton has presented the court with a plethora of information without citing affidavits, discovery responses, or other admissible evidence. It is not the court's job to "figure out for which issues which parts" of the designated evidence might be admissible. ***Bradley v. Work,*** 154 F.3d 704, 707 (7th Cir. 1998*).* The court recognizes that the Appleton is *pro se* and should not be held to the same standards as a litigant with an attorney and that *pro se* litigants face special challenges that litigants represented by counsel do not.

However, *pro se* litigants are not excused from following procedural rules simply because the rules of procedure assume that litigation is normally conducted by lawyers. **Lee v. Wal-Mart Stores**, 1994 WL 899240, * 1 (N.D. Ind. 1994).

**Federal Rule of Civil Procedure 56(c)(2)** provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Appleton has provided the determination of the Indiana Department of Workforce Development (IDWD) [DE 66] for unemployment compensation. The IDWD determination record submitted by Appleton has nothing to do with her sex discrimination and/or retaliation claims. Instead, it focused on if she was "discharged for just cause." The award of unemployment benefits is not helpful, or even admissible. *See* **McClendon v. Ind. Sugars, Inc.,** 108 F.3d 789, 798 (7th Cir. 1997) (explaining that the plaintiff was precluded from using an unemployment compensation determination from an Indiana administrative proceeding to support his assertion that the employer's proffered reason was a pretext for retaliation because the ultimate issue decided in the Indiana proceeding was different from the ultimate issue presented in the retaliatory discharge case and because the allocation of the burden of proof with respect to the underlying facts was significantly different in the two proceedings). "The nature of the proceeding to determine eligibility for unemployment compensation is fundamentally different than a Title VII action, and the conclusions of that state agency are in no way binding on the district court. **Martin v. Dep't of Corr.,** 2005 U.S. Dist. LEXIS 6715, at *18 (S.D. Ind. 2005). Accordingly, IDWD determination submitted by Appleton must be stricken.

Additionally, Appleton submitted an unrelated criminal decision. She has not offered any explanation for how the criminal matter is related to the instant case. Therefore, the court will not consider the criminal case in determining whether summary judgment is appropriate.

Appleton also has made references to an unrelated claim for lost wages and allegations that her "guaranteed" hours were reduced. She has not filed a timely charge of discrimination relating to these allegations. Thus, the criminal case submitted and the above allegations are stricken.

The City has argued that Appleton has devoted a large portion of her response to facts, opinions, and allegations of harassment. However, she specifically indicated in her response to the motion for partial dismissal that she did not file a claim for sexual harassment. Therefore, the City has argued that because a claim for sexual harassment is not before the court her allegations of harassment should be stricken. Moreover, the City contends that the statements made by Appleton are opinion and conjecture, and thus are not admissible.

**Federal Rule of Evidence 602** requires that a declarant have personal knowledge about the matters to which she testifies. Additionally, **Federal Rule of Civil Procedure 56(c)(4)** mandates that, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The affiant may include reasonable inferences drawn from her own observations but may not testify as to the knowledge or observations of another. ***Payne v. Pauley***, 337 F.3d 767, 772 (7th Cir. 2003). The City has cited specific allegations submitted by Appleton in the Plaintiffs Support for Dismissal [DE 67] and Declaration of Ebony Appleton [DE 68] that it asserts are unrelated and inadmissible. The court finds that Appleton's response contains inadmissible hearsay, opinions, speculation, and conjecture. Therefore, Appleton's unrelated harassment allegations found in Plaintiffs Support for Dismissal [DE 67] and Declaration of Ebony Appleton [DE 68] will not be considered by the court and are stricken.

5

Appleton has attached various photographs to her Plaintiffs Support for Dismissal of Defendants Summary Judgement [sic] [DE 67].  However, the photographers are neither authenticated nor relevant to the instant matter.  **Federal Rule of Evidence 401** states that relevant evidence is evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  The photographs do not make Appleton's claims against the City any more or less probable.  Additionally, Appleton has alleged that the City has failed to produce an email she sent to the mayor.  However, the court finds that the email also is not relevant to the claims in the instant matter.

Accordingly, the Motion to Strike Potions [sic] of Plaintiff's Response to Defendant's Motion for Summary Judgment [DE 70] is **GRANTED.**  The court will disregard the evidence in Appleton's response, as outlined in the motion to strike, in determining whether summary judgment is appropriate.

Pursuant to **Federal Rule of Civil Procedure 56(a),** summary judgment is proper only if it is demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 430 (7th Cir. 2014); *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012); *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).  A fact is material if it is outcome determinative under applicable law.  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S. Ct. 1598, 1610, 26 L. Ed. 2d 142, 155 (1970); *Stephens*, 569 F.3d at 786.  When the movant has met its burden, the opposing party

cannot rely solely on the allegations in their pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." ***Marr v. Bank of America, N.A.,*** 662 F.3d 963, 966 (7th Cir. 2011); *see also* ***Steen v. Myers,*** 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting ***Hammel v. Eau Galle Cheese Factory,*** 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. ***Smith v. Shawnee Library System,*** 60 F.3d 317, 320 (7th Cir. 1995). Failure to prove an essential element of the alleged activity will render other facts immaterial. ***Celotex,*** 477 U.S. at 323; ***Filippo v. Lee Publications, Inc.,*** 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; he must come forward with specific facts showing a genuine issue for trial.").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 212 (1986); ***McDowell v. Vill. of Lansing***, 763 F.3d 762, 764, 765 (7th Cir. 2014). In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. ***Anderson,*** 477 U.S. at 248; ***Cung Hnin v. Toa, LLC***, 751 F.3d 499, 504(7th Cir. 2014); ***Wheeler v. Lawson***, 539 F.3d 629, 634 (7th Cir. 2008).

Title VII prohibits discrimination "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's. . . sex . . ." **42 U.S.C. § 2000e-2(a)(1).** In ***Ortiz v. Werner Enterprises, Inc.***, 834 F.3d 760, 764,

766 (7th Cir. 2016), the Seventh Circuit abandoned the dichotomy of direct and indirect evidence on summary judgment in employment discrimination cases and held that the "sole question that matters" is whether a reasonable juror could conclude that the plaintiff would not have suffered the adverse employment action if she was a different sex and everything else had remained the same. All evidence should be considered together to understand the pattern it reveals. *Ortiz,* 834 F.3d at 765. However, the court clarified that its decision did not concern the burden-shifting framework of ***McDonnell Douglas Corp. v. Green,*** 411 U.S. 792 (1973), or any other burden-shifting framework. *Ortiz,* 834 F.3d at 766.

The City has argued that Appleton's complaints do not amount to materially adverse employment actions. The Seventh Circuit has described a discriminatory adverse action as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibility, or a decision causing a significant change in benefits." ***Lewis v. City of Chicago***, 496 F.3d 645, 653 (7th Cir. 2007) (quoting ***Bell v. E.P.A.***, 232 F.3d 546, 555 (7th Cir. 2000); *see also* ***Crady v. Liberty Nat'l Bank & Trust Co.***, 993 F.2d 132, 136 (7th Cir. 1993) (an adverse action must be more disruptive than a mere inconvenience or an alteration of job responsibilities); ***Grayson v. City of Chicago***, 317 F.3d 745, 750 (7th Cir. 2003) (adverse employment action must involve a material, substantive change in an employee's pay and responsibilities).

Appleton has alleged that she was yelled at by her male supervisor, Marcus Hare. However, being yelled at, without more, is not actionable harm. *See* ***Stephens v. Erickson,*** 569 F.3d 779, 790 (7th Cir. 2009). Additionally, she asserts that her work hours were reduced to 20 hours per week. The City has indicated that Appleton was not guaranteed a certain number of hours or days. [Barber Decl. ¶17]. When an employee is not guaranteed a 40–hour work week,

8

a reduction in hours is not *per se* an adverse action. ***Hill v. Potter,*** 625 F.3d 998, 1001 (7th Cir. 2010). In fact, the record has demonstrated that her hours and schedule fluctuated.

Moreover, the City has argued that the dispute to her hours is of no consequence because Appleton's claim is time-barred. Appleton indicated that her hours were reduced on July 10, 2015. However, she did not file a charge of discrimination within 300 days. In deferral states, such as Indiana, a discrimination charge must be filed within 300 days of the discriminatory act's occurrence. **42 U.S.C. § 2000e-5(e)(1)**; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 445 (7th Cir. 1994). Additionally, Appleton indicated that she was not paid for travel time. However, she did not include that allegation in her EEOC charge nor is it reasonably related to the allegations contained in her charge.

Additionally, Appleton has asserted that she was demoted by the City. However, she has not offered any evidence to support that claim. The City indicated that on September 16, 2014, Appleton was hired as a part-time After School Group Leader. [Barber Decl. ¶13]. In April of 2015, Appleton was transferred to part-time Site Manager, although her pay rate remained the same. [Barber Decl. ¶14]. Then, September 6, 2016, she was transferred to a vacant Recreational Aide position in the Parks Department and received a pay raise. [Barber Decl. ¶15]. Therefore, in light of Appleton's failure to provide any evidence to the contrary, she has not demonstrated that she suffered a demotion.

The City concedes for the purpose of its motion for summary judgment that Appleton was suspended for one day. A suspension, under certain circumstances, might be an adverse action. ***Whittaker v. Northern Illinois University,*** 424 F.3d 640, 647 (7th Cir. 2005). The City has indicated that there are no records confirming that Appleton was suspended, other than an email from Hare to Barber on February 10, 2016. [Barber Decl. ¶19]. The email informed

9

Barber that he had suspended Appleton for failure to follow one of his directives. [Barber Decl. ¶19].

At the summary judgment stage, the proper question before the court is whether the evidence would permit a reasonable factfinder to conclude that Appleton was suspended because of her sex. Appleton has not provided any evidence that the City suspended her because she is a woman. Moreover, she has not provided any evidence that would permit a reasonable factfinder to conclude that any of her complaints had to do with her being a woman.

Additionally, the City has argued that even applying the ***McDonnell Douglas*** framework to Appleton's claim does not save it. To establish a prima facie case of discrimination, Appleton must show that: "(1) she is a member of a protected class, (2) she performed reasonably on the job in accord with her employer[']s] legitimate expectations, (3) despite her reasonable performance, she was subject to an adverse employment action, and (4) similarly situated employees outside of her protected class were treated more favorably by the employer." ***David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508***, 846 F.3d 216, 225 (7th Cir. 2017) (quotation marks and alteration in the original) (quoting ***Andrews v. CBOCS West Inc.***, 743 F.3d 230, 234 (7th Cir. 2014)).

There is no dispute that Appleton is a member of a protected class. However, even if she was performing reasonably on the job, and even if she was subjected to an adverse employment action, she has not identified a male employee that was treated more favorably. In her EEOC charge, Appleton alleged that Hare did not speak or treat the male employees under his supervision in the same manner. Yet, this statement is not enough to defeat a motion for summary judgment. Appleton has not submitted any evidence that she and a male employee "reported to the same supervisor, engaged in the same conduct, and had the same qualifications,"

and that "there were no 'differentiating or mitigating circumstances as would distinguish . . . the employer's treatment of them.'" *Ineichen v. Ameritech*, 410 F.3d 956, 960–61 (7th Cir. 2005) (quoting *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617–18 (7th Cir. 2000)). Since Appleton has not identified any similarly situated individuals outside her protected class, she has failed to demonstrate that the City enforced its legitimate employment expectations disparately, thus the inquiry ends there. *See Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 330 (7th Cir. 2002) (holding that plaintiff's "failure to offer such 'comparables' dooms her Title VII and ADEA claims"). Accordingly, the City is entitled to summary judgment on Appleton's sex discrimination claim.

Title VII bans employers from retaliating against employees who exercise rights under it. Title VII protects "any . . . employees" who "opposed any practice" banned by the statute, or who "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the statute. **42 U.S.C. § 2000e-3(a).** To establish retaliation, "a plaintiff must prove (1) that she engaged in statutorily protected activity; (2) that she was subjected to an adverse employment action; and (3) that there was a causal connection between the two." *Wilson v. Lear Seating Corporation,* 258 F. Supp. 3d 916, 924 (N.D. Ind. 2017).

The City concedes that Appleton engaged in statutorily protected activity when she filed a charge with the GHRC on May 12, 2016. Additionally, the City concedes that Appleton was subjected to an adverse employment action when she was discharged on September 23, 2016. However, it disputes that Appleton was fired because she filed a charge of discrimination. Appleton must show that there was a casual connection between her complaint of sex discrimination and her discharge. She filed her charge of discrimination with the GHRC on May 12, 2016 and was not discharged until September 23, 2016. The temporal proximity of an

11

adverse employment action by the employer and the Title VII protected activity by the employee must be "very close" to establish causality. *Dennis v. Potter,* 2012 WL 8251513, at *19 (N.D. Ind. 2012); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 919 (7th Cir. 2000) (three-month interval insufficient to permit inference of retaliation). The court also finds it noteworthy that Appleton was transferred to a new position and received a pay increase after filing her first charge.

Moreover, the City asserts that there were many "significant intervening events" that separated Appleton's complaint of sex discrimination and her discharge on September 23, 2016. Specifically, the City has indicated that Appleton called off work with less than 24 hours' notice on at least five occasions, that she arrived late and left early without explanation, that she refused to sign a Personnel Action Request necessary to document her job transfer to Recreational Aide position, that she refused to sign her "In and Out" form, and that she provided false information in support of two of her absences. [Barber Decl. ¶¶36-44]. Because Appleton has presented no evidence to show a causal connection between her protected activity and her termination by the City, she has failed to make a claim of retaliation under Title VII. Accordingly, the City also is entitled to summary judgment on Appleton's retaliation claim.

Based on the foregoing reasons, the Motion for Summary Judgment [DE 59] is **GRANTED,** and the Motion to Strike Potions [sic] of Plaintiff's Response to Defendant's Motion for Summary Judgment [DE 70] is **GRANTED.** This matter is **DISMISSED.**

ENTERED this 13th day of February, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge